UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AMUN INFINITE BEY, dba<br>DAVID CRAIG FOSTER, | ) ) ) | CASE NO.: 1:25-CV-01157 |
| Plaintiff, | ) ) | JUDGE BRIDGET MEEHAN BRENNAN |
| v. | ) ) | |
| SOUTH EUCLID MUNICIPAL COURT, | ) ) | **OPINION AND ORDER** |
| Defendant. | ) | |

*Pro se* Plaintiff Amun Infinite Bey, dba David Craig Foster, filed this action against the South Euclid Municipal Court. (Doc. 1.) Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. 2.) That application is GRANTED. For the reasons stated herein, this action is DISMISSED.

**I.  BACKGROUND**

Plaintiff provides the Court with two hand-written complaints, both of which are illegible at times, and lack coherent narratives. (Doc. 1.) His statement of claim in the first complaint, in its entirety, states: "I was kidnaped detain illegally by armed officers of the corporation and deprived of my Trust Property which I am the trustee of they also called me sovereign citizen (illegible) I am a Moorish natural." (*Id.* at 4.) As legal authority for his complaint, he cites the Moroccan Peace and Friendship treaty of 1787. (*Id.* at 3.) As relief, Plaintiff asks the Court to "reward [him] [his] fee schedule as well as putting liens on the judge and police officer for failing to honor their oaths of office to the republic I am dejure not defactor (sic)." (*Id.* at 4.)

Plaintiff's statement of claim in the second complaint states, "I am all our social media 4.4 million views they stopped said I needed plates my vessel is (illegible) to the trust I had

plates the officer stole them forced me out of the car by (illegible) threats lied and said I had a warrant kidnaped me then he stole my (illegible) vessel." (*Id.* at 9.) As legal authority, he states, "Right to travel Due Process Tort Law Private Property." (*Id.* at 8.) Plaintiff's prayer for relief states, "I want my fee schedule paid and full I want these corporate employees sanctioned for violating the Constitution of the Republic. I want them to pay for all (illegible) and damages as well." (*Id.* at 10.)

## II. LAW AND ANALYSIS

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff is not required to include detailed factual allegations, but he or she must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (citations omitted).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). A complaint must contain either direct or inferential allegations regarding all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Scheid*

*v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations omitted). Although specific facts are not required, to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give the defendant fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *See Bassett v. Nat'l Collegiate Ath. Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008) (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996)).

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008) (citing *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)); *see also Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). However, the "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citation omitted). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992).

Here, Plaintiff's complaint fails to meet even the most liberal reading of the Rule 8 pleading standard. His complaint does not contain any coherent factual allegations. While it lists right to travel and due process as legal claims, Plaintiff provides no explanation of why he

believes he was denied these rights by the South Euclid Municipal Court. (*See* Doc. 1.) Without any comprehensible factual allegations or indication of viable legal claims he intends to assert, Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

In addition, the South Euclid Municipal Court is not *sui juris*, meaning it is not a separate legal entity under Ohio law that can sue or be sued. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014) (finding that "under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued") (citations omitted). Capacity to sue or be sued in the United States District Courts is governed by Federal Rule of Civil Procedure 17. Rule 17(b)(3) provides, "for all other parties [capacity to sue or be sued shall be determined] by the law of the state where the court is located . . . ." FED. R. CIV. P. 17(b)(3). The Ohio Supreme Court has concluded that Ohio courts are not *sui juris*. *Malone v. Ct. of Common Pleas of Cuyahoga Cnty.*, 344 N.E.2d 126, 128 (1976) ("Absent express statutory authority, a court can neither sue nor be sued in its own right.") (quoting *State ex rel. Cleveland Mun. Ct. v. Cleveland City Council*, 296 N.E.2d 544, 546 (1973)); *see also Hawkins v. Youngstown Mun. Ct.*, No. 4:12-cv-1029, 2012 WL 4050167, at *2, 2012 U.S. Dist. LEXIS 130499 (N.D. Ohio Sept. 13, 2012) (Youngstown Municipal Court "is not *sui juris*, meaning it is not a legal entity that can sue or be sued"); *Harsh v. City of Franklin, Ohio*, No. 1:07-cv-874, 2009 WL 806653, at *4-5, 2009 U.S. Dist. LEXIS 25209 (S.D. Ohio March 26, 2009) (holding Warren County, Ohio Court of Common Pleas and City of Franklin, Ohio Municipal Court are not *sui juris*). Therefore, Plaintiff failed to identify a defendant against whom his claims can be asserted in federal court.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's application to proceed *in forma pauperis* (Doc. 2) is GRANTED, and this action is DISMISSED pursuant to 28 U.S.C. § 1915(e). The Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

    **IT IS SO ORDERED.**

Date:  September 9, 2025

                                                     BRIDGET MEEHAN BRENNAN
                                                     UNITED STATES DISTRICT JUDGE